Mr. Chief Justice Bingham
delivered the opinion of the Court:
The petitioner states that he owns lots 8 and 9, square 893, Washington City; that lot 8 fronts both on Eighth street east and on Maryland avenue. Lot 9 fronts on Maryland avenue. For alleged special improvements on Eighth street east, the District Commissioners have issued to the Treasurer of the United States lien certificate 13,428 against lot 8, and for same on Maryland lien certificates 7,164 and 7,165, the latter against lot 8 and the former against lot 9. They threaten to sell the land. The special assessments on which said certificates were issued are not lawful and the interest charged is unlawful.
The Treasurer of the United States has answered, admitting that he holds the lien certificates against the lots, as alleged in the petition.
The District of Columbia has made return, in which they set forth the several steps that have been taken in the proceedings by the municipal authorities.
It is not necessary for us to mention or notice all of the points made by the petitioner in argument against the validity of this assessment. By reference to the return of the District of Columbia, and the exhibits, we find that a contract was made between the parties on June 5, 1872, not signed by all the members of the Board of Public Works, but the contract calls for grading, curbing and laying sidewalks. The assessment which was made originally was simply for a carriageway. The carriageway does not appear to be any part of the improvement provided for in the original contract. This assessment was revised under the Act of 1878, and it appears that the assessment for the carriageway was reduced from $138.38 to $35.28. But four other items, not contained in the original assessment, were entered in this revision, thus in effect making the revision an original assessment as to all of the items which were embraced in it and not embraced in the original assessment.
*254 We are satisfied that under the law the Commissioners had no power, when revising assessments) to add items not included in the original assessment as matters to be charged against the property; and we think it was not competent in the original assessment to assess for anything but what was embraced in the contract between the parties; that it was not competent to make a contract for a certain improvement, for the doing of certain work upon the streets, any part of the cost of which was to be charged against the abutting property, and then, when the work was completed, or some work done (whether that work or some other), to make an assessment against the parties for the doing of work entirely different from that qontracted for. For that reason this assessment will be quashed. And this pertains to the two improvements made, the one on Maryland avenue and the other on Eighth street. The same vice is found in each assessment.
Judgment quashing the assessments and certificates.